David R. Wright (UT State Bar No. 05164)
    drwright@foley.com
Alexis K. Juergens (UT State Bar No. 16861)
    ajuergens@foley.com
FOLEY & LARDNER LLP
136 South Main Street, Suite 400
Salt Lake City, Utah 84101
(801) 401-8900

Jonathan E. Moskin (*Pro Hac Vice to be filed*)
    jmoskin@foley.com
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474

*Attorneys for Plaintiff iFIT INC.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **IFIT INC.**, a Delaware corporation, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **VICTORIA'S SECRET STORES BRAND MANAGEMENT, LLC**, a Delaware limited liability company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff IFIT Inc. (hereinafter, "IFIT" or "Plaintiff"), by and through its undersigned counsel, hereby files and alleges against Defendant Victoria's Secret Stores Brand Management, LLC ("Defendant"), showing this Court as follows:

- 1 -

## THE PARTIES

1.      Plaintiff is a Delaware corporation with a principal place of business at 1500 South 1000 West, Logan, Utah, 84321.

2.      Upon information and belief, Defendant Victoria's Secret Stores Brand Management, LLC (hereinafter, "Defendant"), is a Delaware limited liability company with a principal place of business at Four Limited Parkway, Reynoldsburg, OH 43068. Upon information and belief, Defendant does business in Utah, including in this district. Defendant may be served with process through service upon its registered agent, CT Corporation System, 1108 E. South Union Ave., Midvale, UT 84047.

## NATURE OF THE CLAIMS

3.      This is an action for trademark infringement, unfair competition, and false designation of origin, arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; violations of Utah Code § 13-11a-1 *et seq.*; and unfair competition under Utah law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5.      This Court has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6.      This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental

jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.      Upon information and belief, Defendant has used the accused marks SWEAT and/or SWEAT ON POINT (collectively "Defendant's SWEAT Marks") on or in connection with exercise apparel and or related services and has introduced the same into interstate commerce within the United States, including within this judicial district.

8.      Upon information and belief, Defendant markets exercise apparel bearing Defendant's SWEAT Marks throughout the United States and within this judicial district, by way of its website located at www.victoriassecret.com, its social media accounts, and other marketing channels.

9.      Upon information and belief, this Court has general personal jurisdiction over Defendant based on its continuous and systematic minimum contacts with residents of Utah through the distribution and sale of its goods and services in Utah. Upon information and belief, this Court also has specific personal jurisdiction over Defendant based on Defendant's purposeful direction of its promotional and advertising activities and sales of its goods and services to residents and customers in Utah.

10.     Further, this Court has personal jurisdiction under Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*, because, upon information and belief, (1) Defendant has transacted business in Utah; (2) Defendant has contracted to supply goods in Utah; (3) Defendant has caused an injury in Utah through its tortious acts; and (4) Defendant owns, uses, or possesses real property situated within Utah.

11.     Furthermore, jurisdiction based on Defendant's contacts with Utah (including, but not limited to, sales of products and services) is not inconsistent with the Constitution of the State of Utah or the Constitution of the United States.

12.     Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district and/or Defendant has committed acts of infringement within this judicial district, and, upon information and belief, Defendant is subject to personal jurisdiction pursuant to Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*

## BACKGROUND

13.     Plaintiff is an innovative manufacturer, designer, and retailer of exercise and fitness related services, equipment, gear, and technology. Plaintiff has been designing and manufacturing exercise machines since the 1980s and is known for its high-quality innovation, engineering and designs.

14.     Plaintiff is one of the largest manufacturers of exercise and fitness equipment in the world and sells exercise, health and fitness related products and services throughout Asia, Europe, and North and South America, including throughout the United States.

15.     Since at least as early as 2017, Plaintiff (including its predecessor[s]) has used the trademark SWEAT, alone and in combination with other elements, on and in connection with a variety of fitness related products and services, including apparel.

16.     Plaintiff owns registered and common law rights in the mark SWEAT ("Plaintiff's SWEAT Mark") for use in connection with a variety of health and fitness-related goods and services.

17.     Plaintiff uses the Plaintiff's SWEAT Mark in connection with the following downloadable app that provides streamed workouts to subscribers throughout the United States and all over the world:



.https://apps.apple.com/us/app/sweat-fitness-app-for-women/id1049234587

18.     Plaintiff markets and offers the SWEAT app and related exercise and fitness services through various social media platforms and the following Sweat.com website:



https://www.sweat.com/.

19.     The SWEAT Instagram and Facebook pages, along with those maintained by SWEAT founder Kayla Itsines and other SWEAT trainers, have tens of millions of followers.

20.     Plaintiff also uses and has used Plaintiff's SWEAT Mark in connection with a variety of other exercise-related goods and services.

21.     Plaintiff owns the following registrations for Plaintiff's SWEAT Mark:

| Reg./App. No. | Mark | Goods |
|---|---|---|
| 6,399,166 (foreign priority: Nov. 6, 2017) | **SWEAT**◊ | IC 009: Downloadable electronic publications in the nature of books in the field of physical fitness and exercise instruction; Electronic publications including those sold and distributed online namely, electronic downloadable publications in the nature of books in the field of physical fitness and exercise instruction; Video recordings featuring physical fitness and exercise instruction; Downloadable software applications for use in physical fitness and exercise management in the field of physical fitness and exercise; Sunglasses; Compact discs containing recorded video featuring physical fitness and |

exercise instruction; Video compact discs featuring physical fitness and exercise instruction; Prerecorded DVDs featuring physical fitness and exercise instruction; Pre-recorded discs for reproducing sound featuring physical fitness and exercise instructions; smart watches comprised primarily of a wristwatch also featuring a telephone, software and display screens for viewing, sending and receiving texts, emails, data and information

IC 014: Smart watches comprised primarily of a wristwatch also featuring a telephone, software and display screens for viewing, sending and receiving texts, emails, data and information

IC 016: Printed publications, namely, books, instruction manuals, in the field of outdoor sporting activities; Printed matter, namely, books, instruction manuals, advertisements, magazines, in the field of physical fitness and exercise; Printed matter for advertising namely, brochures; Printed matter for instructional purposes namely, printed teaching materials in the field of physical fitness and exercise; Printed books in the field of physical fitness and exercise; Magazines featuring physical fitness and exercise; printed instructional materials in the field of physical fitness and exercise; Display banners made of cardboard; Display banners of paper; blank journals; Printed training guides for physical fitness and exercise

IC 021: Coffee mugs; Plastic water bottles sold empty; insulated containers for food; Water bottles sold empty

IC 024: Towels

IC 025: Apparel for fitness and exercise namely, clothing items in the nature of shirts, leggings, singlets, pants, socks, shorts, shoes; clothing, namely, shirts, pants, socks, shorts; footwear; Headwear; Headwear for wear for women; Sports headwear, namely, headbands, caps;

|  |  | Exercise wear, namely, athletic shirts, leggings, singlets, pants, socks, shorts, shoes; Shoes for sportswear, namely, athletic footwear; Sports caps; sports clothing, namely, athletic shirts, leggings, singlets, pants, socks, shorts, footwear; Sports footwear, namely, athletic shoes; sportswear, namely, athletic shirts, leggings, singlets, pants, socks, shorts, footwear

IC 027: Yoga mats; Gymnasium exercise mats

IC 028: Jump ropes; Fitness apparatus, namely, foam rollers, recovery bands, resistance bands, ankle weights, sport balls, dumbbells, exercise weights, kettle bells; exercise apparatus, other than for medical rehabilitative purposes, namely, foam rollers, recovery bands, resistance bands, ankle weights, sport balls, dumbbells, exercise weights, kettle bells; Apparatus for playing sports in the nature of sports equipment, namely, skipping ropes, exercise weights; Articles for exercising the body in the nature of exercise equipment, namely, foam rollers, recovery bands, resistance bands, ankle weights, sport balls, dumbbells, exercise weights, kettle bells; Bags specially adapted for sporting equipment; Gymnastic articles, namely, training bars, gymnastic rings; Bags specially adapted for gymnastic articles, namely, gymnastic rings; Fitness exercise appliances, namely, benches, single power rack, double power rack, multi squat rack; Indoor fitness apparatus, namely, resistance bands, bench press, indoor bicycle trainers, treadmills

IC 041:  Fitness boot camp services; Conducting fitness classes; Fitness and exercise clinics services in the nature of personal training, group fitness; Personal trainer services; Physical fitness instructions; Physical fitness training services; Providing online videos featuring physical fitness and exercise instruction, not downloadable; On-line journal, namely, a blog featuring physical fitness and exercise; Arranging of sporting events; Organizing |
|---|---|---|

| | | educational, sporting and cultural events; Providing information, including online, about education, training, sporting and cultural activities; provision of sporting events, namely, providing various facilities and equipment for an array of boot camps, sporting events, sports and athletic competitions; Publication of electronic books and journals online; Providing online non-downloadable electronic publications in the field of physical fitness and exercise, namely, articles and instructional guides<br><br>IC 044: Advisory services relating to diet; medical testing services being fitness testing in the nature of fitness routines, exercise circuits, functional fitness testing and evaluation |
|---|---|---|
| 5,464,220<br>(reg. May 8, 2018) |  | IC 041: Providing fitness instruction in the fields of yoga, barrecardio, and cycling |

22.     The federal registration of Plaintiff's SWEAT Mark constitutes constructive notice to Defendant and others of Plaintiff's ownership of Plaintiff's SWEAT Mark.

23.     As a result of substantial sales and advertising and promotion, Plaintiff's SWEAT Mark has become widely and favorably known as identifying Plaintiff's goods and services and has become an intellectual property asset of considerable value to Plaintiff.

24.     Plaintiff's SWEAT Mark is inherently distinctive when used in connection with Plaintiff's goods and services.

25.     Due to the continual use of Plaintiff's SWEAT Mark, the mark has come to indicate a single source of Plaintiff's goods and services. Plaintiff's SWEAT Mark has further come to indicate Plaintiff as the single source of such quality goods and services.

26.     In connection with Plaintiff's SWEAT Mark, Plaintiff and its predecessors have made extensive use of the image of SWEAT founder, Kayla Itsines, including as follows.



https://www.sweat.com/blogs/fitness/no-equipment-full-body-workout



https://www.kaylaitsines.com/blogs/exercises/hardcore-workout



https://www.sweat.com/blogs/workouts/kayla-express-ab-challenge

27.     As a result of such extensive use, the image of Kayla Itsines has become closely associated with the Plaintiff's SWEAT Mark and the business as a whole in identifying and distinguishing the brand.

### Defendant's Infringing Conduct

28.     Upon information and belief, Defendant uses the marks SWEAT and SWEAT ON POINT in connection with workout apparel sold in interstate commerce within the United States.

29.     Defendant's SWEAT Marks are similar to or likely to cause confusion with Plaintiff's SWEAT Mark when used as a trademark in connection with the sale, offering for sale, distribution, advertising, and promotion of Defendants' goods, including, without limitation, apparel intended for use during exercise and physical activity, as well as in connection with exercise related classes.

30.    One recent Facebook post by Defendant copied below highlights its use of the Defendant's SWEAT Marks in connection with exercise apparel:



https://www.facebook.com/victoriassecret/photos/10159746258319090

31.    Exemplified by the following social media post, Plaintiff similarly uses its Plaintiff's SWEAT Marks in connection with exercise apparel to promote its exercise and fitness services and/or in a way demonstrating the relatedness of such apparel to an active, exercise and fitness-based lifestyle:



https://www.instagram.com/p/CSKunwthbQb/

32.     Defendant has also hosted, sponsored, and/or presently provides fitness training events under the mark SWEAT. Upon information and belief, these events are/were intended to promote Defendant's goods sold under Defendant's SWEAT Marks, as shown in the example below:



https://www.tiktok.com/@victoriassecret/video/7000361981488139525?is_copy_url=1&is_from_webapp=v1

33.     These events are similar to the fitness classes and exercise subscription services Plaintiff offers in connection with Plaintiff's SWEAT Mark.

34.     Furthermore, Defendant has purposefully chosen a Kayla Itsines look-alike when advertising for its goods using Defendant's SWEAT Mark—Ms. Itsines is the founder and public face of SWEAT. An example of this is below, with Ms. Itsines on the left and Defendant's Ms. Itsines look alike on the right:



35.     Defendant's use of this Ms. Itsines look-alike is likely to further encourage the likelihood of confusion caused by Defendant's use of the Defendant's SWEAT Marks, and on information and belief demonstrates Defendant's intent to trade on the reputation of Plaintiff's brand.

36.     On June 30, 2021, Defendant filed U.S. Trademark Application Serial No. 90/803416 for the mark "SWEAT ON POINT" in International Class 025 listing the following

goods:

a.  Bras; Dresses; Footwear; Hats; Headwear; Hosiery; Leggings; Lingerie;
Pajamas; Panties; Pants; Robes; Rompers; Shorts; Skirts; Sleepwear; Slippers;
Socks; Stockings; Undergarments; Underwear; Athletic bottoms; Athletic
pants; Athletic shorts; Athletic skirts; Athletic sweaters; Athletic tights;
Athletic tops; Bustiers; Crew necks; Foundation garments; Garter belts;
Hooded sweatshirts; Hoodies; Jackets; Jumpsuits; Lounge pants; Maternity
bras; Maternity leggings, namely, leggings featuring built-in maternity bands;
Maternity lingerie; Shapewear, namely, girdles, bras, panties, slips, bodysuits,
shorts, leggings, corsets, waist cinchers; Shirts; Sports bras; Sports pants;
Sweat bands; Sweat jackets; Sweat pants; Sweat shirts; Sweat shorts; Sweat
suits; Sweaters; Tank tops; Teddies being underclothing; Tops as clothing;
Track jackets; Warm-up suits; Yoga pants; Yoga shirts; Caps being headwear;
Clothing, namely, maternity bands; Crop tops; Fleece tops; Halter tops;
Jogging pants; Knit tops; Maternity sleepwear; T-shirts; Track pants;
Women's athletic tops with built-in bras; Women's tops, namely, camis.

37.     Defendant's use of Defendant's SWEAT Marks is without Plaintiff's license,
permission or authority and is likely to cause confusion, mistake, and deception among
consumers and customers.

38.     Upon information and belief, Defendant uses Defendant's SWEAT Marks with
actual knowledge of Plaintiff's rights in and to Plaintiff's SWEAT Mark.  Notwithstanding such
knowledge, Defendant has acted and continues to act with wanton disregard for Plaintiff's rights,
and with the willful intent and purpose of improperly taking or benefiting from the favorable
reputation and valuable goodwill Plaintiff has established in Plaintiff's SWEAT Mark.

39.     Defendant's SWEAT Marks are colorable imitations of and confusingly similar to
Plaintiff's SWEAT Mark.

40.     Defendant's use of Defendant's SWEAT Marks in connection with Defendant's
workout apparel is likely to cause, to the extent it has not already, actual confusion, actual injury,
and loss of goodwill and business to Plaintiff.

41.     Upon information and belief, Plaintiff has been damaged as a result of Defendant's actions as alleged herein.

## CAUSES OF ACTION

### COUNT I: Federal Trademark Infringement

42.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43.     Defendant's acts constitute infringement of Plaintiff's exclusive rights to Plaintiff's SWEAT Mark in violation of the Lanham Act, specifically 15 U.S.C. § 1114(1) and § 1125, and of Plaintiff's trademark rights under Utah state and common law.

44.     Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's SWEAT Mark, namely Defendant's SWEAT Marks, in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

45.     Defendant's acts of infringement have caused Plaintiff damages, and Plaintiff is entitled to judgment pursuant to 15 U.S.C. § 1117 for 1) Defendant's profits made by Defendant's unauthorized and infringing use of Defendant's SWEAT Marks, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the infringing uses and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy Defendant's actions.

46.     Plaintiff is entitled to an award of punitive and/or treble damages for at least three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's wanton and willful conduct.

47.     Pursuant to 15 U.S.C. § 1116 and equity, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal infringing conduct.

48.     Pursuant to 15 U.S.C. § 1118 and equity, Plaintiff is entitled to impoundment and destruction of infringing articles.

49.     Plaintiff is further entitled to all available remedies provided by common law, including, but not limited, to temporary and permanent injunctive relief, Defendant's profits, any damages sustained by Plaintiff, and costs.

**COUNT II: Unfair Competition/Passing Off in Violation**
**of the Lanham Act U.S.C. § 1125(a)**

50.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51.     Defendant has used names and marks that are confusingly similar to Plaintiff's SWEAT Mark and has used a model whose appearance is confusingly similar to the likeness of Plaintiff's founder, all with the intent to deceive the public into believing that goods and services offered or sold by Defendant are made by, approved by, sponsored by, or affiliated with Plaintiff.

52.     Upon information and belief, Defendant's acts as alleged herein were committed with the intent to pass off Defendant's goods and services as the goods and services of, approved by, sponsored by, or affiliated with Plaintiff, and with the intent to deceive and defraud the public.

53.     Defendant's acts constitute unfair competition and passing off, and have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to Plaintiff's goodwill and reputation caused by Defendant.

54.     Defendant's acts constitute violations of 15 U.S.C. § 1125.  Defendant's acts of unfair competition have caused Plaintiff damages, and Plaintiff is entitled to judgment pursuant

to 15 U.S.C. § 1117 for 1) Defendant's profits made by Defendant's unfair competition and passing off of Plaintiff's goods and services, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy Defendant's actions.

55.     Plaintiff is further entitled to judgment for three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

56.     Pursuant to 15 U.S.C. § 1116 and principles of equity, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal infringing conduct.

57.     Pursuant to 15 U.S.C. § 1118 and principles of equity, Plaintiff is entitled to impoundment and destruction of infringing articles.

### COUNT III:  Violations of Utah Code § 13-11a-1 *et seq.*

58.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59.     Defendant's conduct, as alleged above, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to or association with Plaintiff, in violation of Utah Code § 13-11a-1 *et seq.*

60.     By its conduct, Defendant has caused Plaintiff irreparable harm, damage, and injury to the value and goodwill Plaintiff has built in Plaintiff's SWEAT Mark, as well as to Plaintiff's business, goodwill, and reputation.

61.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

62.     As a result of the foregoing, Plaintiff is entitled to injunctive relief and damages.

**COUNT IV:  Unfair Competition in Violation of Utah Common Law**

63.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

64.     As alleged herein, Plaintiff owns Plaintiff's SWEAT Mark, which is valid and legally protectable.

65.     Defendant's infringing use of Defendant's SWEAT Marks is likely to cause confusion concerning the origin of the goods and services associated with the marks.

66.     As alleged herein, Defendant's conduct is likely to cause, if it has not already, customer confusion in violation of Utah common law.

67.     Defendant's foregoing acts constitute unfair competition and infringement of Plaintiff's registered and common law rights for which Plaintiff has no adequate remedy at law.

68.     Defendant's acts of unfair competition have caused Plaintiff damages, and Plaintiff is entitled to judgment for   1)  Defendant's  profits  made  by  Defendant's  unfair competition and/or passing off of Plaintiff's goods and services, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs incurred in bringing the present action and prior attempts to remedy Defendant's actions.

69.     Plaintiff is further entitled to judgment for punitive damages of at least three times the amount of Defendants' profits or Plaintiff's damages, whichever is greater, due to the nature of Defendants' conduct.

70.     Further, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants to stop the illegal conduct.

## ENTITLEMENT TO INJUNCTIVE RELIEF

71.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

72.     By reason of Defendant's acts alleged herein, Plaintiff has and will suffer immeasurable, and thus irreparable, damage to its business, reputation, and goodwill.

73.     Upon information and belief, Defendant intends to continue to do the acts complained of herein unless restrained and enjoined.

74.     Plaintiff's remedy at law is inadequate.

75.     Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and its affiliates, agents, servants, and employees, and anyone acting with its authority or on its behalf, from directly or indirectly using any mark, word, name, or domain name similar to Plaintiff's SWEAT Mark, which is likely to cause confusion or mistake or to deceive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.     The Court enter a judgment in favor of Plaintiff and against Defendant as to all causes of action alleged herein;

B.     That this Court issue injunctive relief pursuant to 15 U.S.C. § 1116, Utah law, and equity, enjoining and restraining Defendant and its affiliates, agents, partners, servants, and employees, or anyone acting with its authority or on its behalf, from directly or indirectly using any mark, word, designation, name, or domain name similar to Plaintiff's SWEAT Mark that is likely to cause confusion or mistake or to deceive;

C.      That, within five (5) days of issuance of preliminary and/or permanent injunctions, the Court order Defendant to file a sworn statement under oath and subject to penalty of perjury that it has fully complied with the terms of the injunctions;

D.      That this Court, pursuant to 15 U.S.C. § 1118 and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites and advertisements in the possession or under the control of Defendant bearing any mark, word, designation, name, or domain name that is confusingly similar to Plaintiff's SWEAT Mark and all plates, molds, matrices, and other means of making the same, shall be delivered to Plaintiff and destroyed;

E.      That Defendant be awarded damages and profits as allowed by law.

F.      That this Court award Plaintiff punitive and/or treble damages in an amount no less than three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions;

G.      That the costs of this action be awarded to Plaintiff;

H.      That Plaintiff be awarded its reasonable attorney fees due to the exceptional nature of this case and Defendant's intentional, wanton and willful illegal conduct;

I.      That pre-judgment and post-judgment interest be awarded to Plaintiff; and

J.      That this Court grant such other and further relief as it shall deem just.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 10th day of November, 2021.

By: */s/ David. R. Wright*

David R. Wright
Jonathan E. Moskin
Alexis K. Juergens

*Attorneys for Plaintiff iFIT INC.*